STUCKY, Judge
(concurring in the result):
I write separately because I disagree with the majority’s holding that the military judge erred by faffing to instruct the members on the procedures for reconsidering the sentence.
I. Background
The military judge provided the members with a sentence worksheet to assist them in putting the sentence in proper form. The court members returned the sentence worksheet, which stated in part:
To be confined for 35 (days) -(-months) (years) (life) (life without eligibility for parole).
The military judge noted that the sentence worksheet was not in proper form and consulted with counsel for the parties concerning the appropriate way to proceed.
Over the objection of the defense, the military judge informed the members that the worksheet was “ambiguous. You cannot do both a quantified term of years and a life without eligibility for parole. You cannot have those two sentences exist.” The military judge further explained the differences between the authorized forms of confinement and reread some of the standard sentencing instructions. She also provided the members with a clean sentence worksheet, apparently so that the record for appeal would be clear. The members deliberated, returned, and announced the sentence as it appeared on the second worksheet, including the confinement portion which read:
To be confined for _ (days) (months) (years) (life)-(life -without parole).
Appellant did not raise this issue at the United States Army Court of Criminal Appeals (CCA), and the CCA did not address it in its opinion.
II. Discussion
The majority concludes that reconsideration occurred because the court members returned with a revised sentence that reflected neither of the two sentences to confinement appearing on the original sentence worksheet. United States v. Garner, 71 M.J. 430, 434 (C.A.A.F. 2013) (“the second sentence either increased or decreased that sentence, and therefore reconsideration occurred”). The majority holds, therefore, that *436 the military judge should have instructed the members on reconsideration and returned them to the deliberation room. Id.
The reconsideration instruction provides different procedures depending on whether the panel wishes to reconsider with a view to increasing or with a view to decreasing the punishment. See Rule for Courts-Martial (R.C.M.) 1009(e)(3); see also Article 52(c), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 852(e) (2006). To reconsider a sentence with a view to increasing the punishment, a majority of the members must concur. R.C.M. 1009(e)(3)(A). To reconsider a sentence with a view to decreasing a sentence to confinement in excess of ten years, more than one-fourth of the members must concur. R.C.M. 1009(e)(3)(B)(ii).
In this ease, it makes no sense to hold that the military judge erred by not giving a reconsideration instruction. It is unclear to me, as it would have been to the court members, whether the sentence to confinement ultimately adjudged was increased from thirty-five years or decreased from life without parole. Under the circumstances of this ease, the members would not have known whether the vote to reconsider would have required a majority of the members or only more than one-quarter. The military judge took the appropriate action and did not err by failing to give a reconsideration instruction.